UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

BRIAN M. CASEY,

    Plaintiff,

v.                                      Case No. 4:19cv229-WS-HTC

DONALD TRUMP, U.S. PRESIDENT;
DIRECTOR OF DEPARTMENT OF
JUSTICE ADMINISTRATIVE PROCEDURES;
and DIRECTOR OF F.B.I. ADMINISTRATIVE
PROCEDURES;

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, filed an amended complaint (ECF Doc. 7) asserting claims under 42 U.S.C. § 1983. The matter is before the Court on that complaint, as well as Plaintiff's second motion to proceed *in forma pauperis* (ECF Doc. 8). Upon review of Plaintiff's litigation history, the Court has discovered Plaintiff is a "three-striker;" this action therefore should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

According to 28 U.S.C. § 1915(g), a provision of the *in forma pauperis* statute,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

> dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three (3) meritless suits, a prisoner must pay the full filing fee at the time he *initiates* suit). The only exception is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

Plaintiff is subject to the three-strikes bar of § 1915(g), having had **six (6)** prior civil actions dismissed on the grounds they were frivolous, malicious, failed to state a claim or pursuant to § 1915(g). The Court takes judicial notice of the following cases: *Casey v. Crews*, Case No. 3:13cv92-RV-CJK (N.D. Fla.) (dismissed March 11, 2013, as malicious for Plaintiff's abuse of the judicial process in failing to disclose full litigation history); *Casey v. Crews, et al.*, Case No. 3:13cv461-LC-CJK (N.D. Fla.) (dismissed October 22, 2013, as malicious for

Case No. 4:19cv229-MS-HTC

Plaintiff's abuse of the judicial process in failing to disclose full litigation history); *Casey v. GEO Corporation, et al.*, Case No. 4:14cv151-MW-CAS (N.D. Fla.) (dismissed April 7, 2014, pursuant to 28 U.S.C. § 1915(g)); *Casey v. Crews, et al.*, Case No. 5:14cv190-WS-GRJ (N.D. Fla.) (dismissed September 25, 2014, pursuant to 28 U.S.C. § 1915(g)); *Casey v. Corizon Health Services, et al.*, Case No. 5:14cv275-RS-EMT (N.D. Fla.) (dismissed December 2, 2014, pursuant to 28 U.S.C. § 1915(g)); *Casey v. Bondi, et al.*, Case No. 4:17cv160-MW-CAS (N.D. Fla.) (dismissed May 16, 2017, pursuant to 28 U.S.C. § 1915(g)).  The undersigned has confirmed Plaintiff in the instant case is the same as the plaintiff in the cases cited above because he has the same inmate number, 139647.

Accordingly, Plaintiff may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g), *Brown, supra*.  Plaintiff makes no such allegations.  Because Plaintiff did not pay the filing fee at the time he initiated this action, and because it plainly appears he is not entitled to proceed *in forma pauperis*, this case should be dismissed under 28 U.S.C. § 1915(g).

Furthermore, prior to filing this case, Plaintiff was repeatedly advised by this Court that he was subject to the "three strikes" rule and thus cannot proceed *in forma pauperis*.  *See Casey v. Bondi, et al.*, Case No. 4:17cv160-MW-CAS (N.D. Fla.) (stating "[j]udicial notice is taken . . . that Plaintiff has previously been denied leave

to proceed in forma pauperis based on the fact that Plaintiff has more than three "strikes" under 28 U.S.C. § 1915(g)"). The complaint form to be used by prisoners filing a civil rights complaint in this district requires prisoners to identify prior lawsuits they have filed. The purpose of that requirement is to determine whether the prisoner is a three-striker. Although Plaintiff stated in his complaint that "I don't have a record of the cases because prison officials lost all my legal property," he should have known he could not proceed *in forma pauperis* and further should have known, based on the prior dismissals, that it is his obligation to disclose his litigation history. Hence, not only should Plaintiff's case be dismissed under § 1915(g), but the undersigned also finds that Plaintiff's suit was maliciously filed.

Accordingly, it is respectfully RECOMMENDED:

1. That Plaintiff's second motion to proceed *in forma pauperis* (ECF Doc. 8) be DENIED.

2. That the remaining pending motions (ECF Docs. 4, 5) be DENIED as moot.

3. That this action be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g).

4. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2019.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:19cv229-MS-HTC